# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7749 | **DATE** | 2/2/2001 |
| **CASE TITLE** | DONALD LANCASTER vs. GEORGE WELBORN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Court rejects respondent's procedural default arguments. The court directs respondent to file, on or before 3/5/01, a supplemental answer addressing the merits of petitioner's claims and the record (transcripts and common law record) of the trial in petitioner's case. In view of the history of this case as discussed in this Memorandum Opinion, this is a firm date and will not be extended by the Court. Petitioner will have until 4/5/01 to reply. If petitioner fails to reply, the Court may rule without the benefit of his views.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 0 5 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 FEB -2 PM 2:02 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD LANCASTER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 99 C 7749 |
| GEORGE WELBORN, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

After a jury trial in the Circuit Court of Cook County, Donald Lancaster was convicted of attempt murder and aggravated battery and was sentenced to 50 years in prison. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. In this Memorandum Opinion, the Court addresses respondent's contentions that Lancaster's claims are barred by procedural default.

Lancaster raises four claims in his petition. He claims that his trial lawyer was ineffective in failing to impeach the prosecution's witnesses with their prior statements (issues 1-6 of the petition), in advising Lancaster not to testify in his own defense (issue 7), and in failing to object to certain comments by the prosecutor in closing argument (issue 8); and he claims that his extended term sentence was improperly imposed (issue 9 and supplemental brief).

Respondent argues that "[p]etitioner failed to raise his claims to the state courts. These claims are raised for the first time in Petitioner's habeas corpus petition. Therefore, these claims

are procedurally defaulted." Answer, p. 6. This argument is frivolous. Respondent evidently did not bother to obtain a copy of Lancaster's state post-conviction petition or the state trial court's ruling on that petition. Lancaster provided copies of both with his reply. They reflect that he raised exactly the same claims that he makes here concerning his lawyer's claimed ineffectiveness at trial (issues 1-8).

Respondent also argues that "[a]ssuming, arguendo, that Petitioner raised at least one of the claims he now raises in his habeas petition in his post-conviction petition, the claim(s) is still defaulted. Petitioner failed to file a brief to the Illinois Appellate Court in response to his counsel's *Finley* motion. Failure to pursue a post-conviction appeal results in procedural default." Answer, p. 6. This argument is also frivolous. Again, respondent evidently failed to check the public record before filing his answer to the petition. With his reply, Lancaster provided a copy of the motion he filed with the Appellate Court on March 31, 1998 asking the Court to deny his appointed counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987); in that response he did in fact challenge the trial court's ruling denying his post-conviction petition. Indeed, if respondent had carefully read the Appellate Court's brief order affirming the denial of the post-conviction petition, he would have seen a reference to Lancaster's response: "We have carefully reviewed the record in this case, **defendant's *pro se* response** and the aforesaid brief ...." *People v. Lancaster,* No. 1-97-3741, at 2 (Ill. App. June 12, 1998) (emphasis added).

Respondent makes a third frivolous argument with respect to Lancaster's final claim, concerning the validity of his extended term sentence. Respondent claims that "[t]his claim is also procedurally defaulted. Petitioner raised this claim to the Illinois Appellate Court on direct

2

appeal but failed to raise it to the Illinois Supreme Court in his petition for leave to appeal." Answer, pp. 6-7. In Lancaster's petition for leave to appeal, which respondent himself provided to the Court, Lancaster argued that he was entitled to review "because of ... the bogus sentence of 50 years for attempt murder which I thought only carried 6 to 30."

This is not the first time that respondent has made frivolous arguments to the Court in this case. As the Court noted in its order denying respondent's motion to dismiss the petition on the grounds that it was untimely under 28 U.S.C. §2244(d), respondent argued that the petition was filed on January 13, 2000, which if true would have made it untimely. But in fact the petition had been received by the district court clerk on November 29, 1999, which was within the period of limitations. As the Court stated in its order, "a cursory review of the court's file would have revealed that a motion to dismiss based on §2244 was frivolous." *See* Order of July 27, 2000.

Respondent has apologized for the error he made in the motion to dismiss, *see* Answer, p. 3 fn.2. Frankly, the Court is not looking for apologies. Rather, when the Court makes an admonition like the one in the July 27 order, it hopes and expects that it will have the salutary effect of causing the party in question to be more careful in the future. Obviously the July 27 order did not have the desired effect. Hopefully this one will.

## Conclusion

For the above reasons, the Court rejects respondent's procedural default arguments. The Court directs respondent to file, on or before March 5, 2001, a supplemental answer addressing the merits of petitioner's claims and the record (transcripts and common law record) of the trial in petitioner's case. In view of the history of this case as discussed in this Memorandum Opinion, this is a firm date and will not be extended by the Court. Petitioner will have until

3

April 5, 2001 to reply. If petitioner fails to reply, the Court may rule without the benefit of his views.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 2, 2001